RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

BORIS BOURGET
OSB No. 172172
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone:   (202) 307-2182
Facsimile:   (202) 307-0054
Boris.bourget@usdoj.gov

*Of Counsel:*
BILLY J. WILLIAMS
United States Attorney, District of Oregon
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIMBERLY HOCKIN,<br><br>       *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       *Defendant.* | Civil No. 3:17-CV-1926-JR<br><br>**UNITED STATES' SUPPLEMENTAL BRIEF IN SUPPORT OF RESPONSE TO OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

**I.  Had Ms. Hockin timely petitioned the Tax Court, she still could not have transferred her claim to District Court.**

First, Ms. Hockin was unable to file a refund suit around the time that the IRS rejected her innocent spouse application in December of 2014. Full payment of a tax liability is required before seeking a refund. *Flora v. United States*, 363 U.S. 145, 146 (1960). Ms. Hockin did not fully pay her liability until March 2017, two years after her time to appeal the IRS's final determination on her innocent spouse claim had expired. Compl. ¶ 13, Dkt. No. 1. Thus, the earliest Ms. Hockin could have filed an administrative claim for refund with the IRS was March 2017. She did not file such a claim, which is a prerequisite for a refund suit, until April 6, 2017. *See* Mot. to Dismiss, Ex. 1 at p. 2–3, Dkt. No. 15-1; § 7422(a).[1] Even then, Ms. Hockin could not file a suit in federal court until she received a decision from the IRS or six months passed, whichever came first. § 6532(a)(1). The IRS denied Ms. Hockin's refund claim via letter on September 18, 2017. Compl. Ex. 9, Dkt. No. 1-1. In short, Ms. Hockin was unable to file a refund suit until September of 2017, more than two and a half years after her time to petition the Tax Court expired.

Second, even assuming Ms. Hockin could have filed the two claims simultaneously, it is not clear that the District Court could acquire jurisdiction over her innocent spouse claim via Section 6015(e)(3). The statutory text addresses only suits for refund begun by "either individual filing the joint return." *Id.* Ms. Hockin's refund claim rests solely on the theory that she is *not* such an individual, because

---

[1] Unless otherwise stated, all cites to the U.S. Code reference the Internal Revenue Code (Title 26).

U.S. Resp. to Court Question re: F&R Objections

she did not sign the return. Seeking a refund does not require that the taxpayer have filed a tax return, but seeking innocent spouse relief does. *Compare*, §§ 6532, 7422 with § 6015; *see also Christensen v. Comm'r*, 523 F.3d 957 (9th Cir. 2008). By its plain language, Section 6015(e)(3) does not apply to Ms. Hockin's parallel claims. (It is perhaps unsurprising that the statute does not address the present scenario – a taxpayer, who should be in possession of the facts, claiming inconsistently that she both did and did not sign a joint tax return.)

Third, supposing that Ms. Hockin's refund claim relied on some other theory, it is arguable that the District Court *still* cannot obtain jurisdiction to hear the innocent spouse claim via Section 6015(e)(3). The statute provides that the Tax Court loses jurisdiction only "to whatever extent jurisdiction is acquired by the district court." As set forth in prior briefing, there is a reasonable basis to conclude that the district court simply cannot acquire jurisdiction in a refund case based on *discretionary* equitable relief under Section 6015(f).[2] Dkt. No. 43 at 8-14.

For the reasons stated above, there is a reasonable basis to answer the Court's initial questions in the negative. But, as explained below, the Court's initial questions are rendered immaterial by the answer to the Court's final question.

---

[2] Whether a refund suit based on another issue enables the district court to hear a § 6015(f) claim simultaneously pending in the Tax Court depends upon whether § 6015(e)(3) transfers the Tax Court's entire jurisdiction or only terminates its jurisdiction "to whatever extent" the district court independently obtains jurisdiction. While not at issue here, arguably § 6015(b) claims could be treated differently, since that subsection provides that the taxpayer "shall be relieved" if its conditions are met. Thus, tax could arguably be "erroneously collected" within the meaning of § 7422(a) if relief is wrongfully denied under § 6015(b). This reasoning does not apply to discretionary relief under § 6015(f).

U.S. Resp. to Court Question re: F&R Objections

**II. The 90-day deadline to petition the Tax Court is jurisdictional and failure to comply cannot be excused or set aside.**

The 90-day deadline to petition the Tax Court under Section 6015(e)(1)(A) is not an administrative technicality that can be brushed aside. It is a jurisdictional limitation that, if not met, does not allow for judicial review of an innocent spouse determination. The Tax Court's jurisdiction is limited and determined by Congress. *See Comm'r v. McCoy*, 484 U.S. 3, 7 ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers."); *Duggan v. Comm'r*, 879 F.3d 1029, 1031 (9th Cir. 2018) (Because the Tax Court's jurisdiction is determined by statute, courts "must look to the relevant sections of the Tax Code to determine the court's jurisdictional reach."). This jurisdiction "is defined and limited by Title 26 and [a court] may not use general equitable powers to expand [the Tax Court's] jurisdictional grant beyond this limited Congressional authorization." *Estate of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001).

Three circuit courts of appeals have held that the 90-day deadline is a jurisdictional limit on the Tax Court. *See Nauflett v. Comm'r*, 892 F.3d 649 (4th Cir. 2018); *Matuszak v. Comm'r*, 862 F.3d 192 (2d Cir. 2017); *Rubel v. Comm'r*, 856 F.3d 301 (3d Cir. 2017). When a deadline is jurisdictional, "an untimely filing 'deprives [the] court of all authority to hear [the] case.'" *Nauflett*, 892 F.3d at 652 (quoting *United States v. Kwai Fun Wong*, 575 U.S. —, 135 S. Ct.1625, 1631 (2015)). Courts must look to the context of a statute in order to determine whether a filing deadline is inextricably tied to a grant of jurisdiction. Three appellate courts have done just that, and they uniformly held "that [Section 6015(e)(1)(A)] is jurisdictional based on

U.S. Resp. to Court Question re: F&R Objections

3

. . . the plain language of the statute." *Nauflett*, 892 F.3d at 652; *see also Matuszak*, 862 F.3d at 197–98; *Rubel*, 856 F.3d at 305.

When a Court lacks subject-matter jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If the Tax Court lacks jurisdiction over an innocent spouse petition, then Section 6015(e)(3)(A) does not apply. Section 6015(e)(3)(A) states that "the Tax Court *shall lose* jurisdiction . . . to whatever extent is acquired by the district court or the United States Court of Federal Claims." The Tax Court cannot "lose," and the district court cannot "acquir[e]," jurisdiction that the Tax Court did not have in the first place. § 6015(e)(3)(A).

The 90-day deadline is not subject to equitable tolling, and it cannot be extended or set aside upon a showing of "excusable neglect." This is true even when the IRS is alleged to have provided incorrect information to the taxpayer. *See, e.g. Nauflett*, 892 F.3d at 651; *Rubel*, 856 F.3d at 303. There also no exception when a taxpayer files a petition one day after the limitations period. *See Matuszak*, 862 F.3d at 194–95. The Ninth Circuit has not directly ruled on the jurisdictional nature of the 90-day deadline, but it has held that the 30-day deadline to petition the Tax Court for judicial review of a collection due process determination is jurisdictional. *See Duggan*, 879 F.3d 1029; § 6330. Sections 6015 and 6330 have near-identical language, stating that the Tax Court "shall have jurisdiction" to review claims. *Compare* § 6015(e) *with* § 6330(h). While the consequences of not filing may appear harsh, "filing deadlines in tax statutes are jurisdictional because allowing case-

U.S. Resp. to Court Question re: F&R Objections

specific exceptions and individualized equities could lead to unending claims and challenges and upset the IRS's need for 'finality and certainty.'" *Rubel*, 856 F.3d at 306 (quoting *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 351 (3d Cir. 2000); *see also United States v. Brockamp*, 519 U.S. 347, 349–54 (1997) ("Tax law . . . is not normally characterized by case-specific exceptions reflecting individualized equities."). Section 6015(e) gives taxpayers a direct path to the Tax Court for review of an IRS determination, which is consistent with Congress' intent. *See* Reply at pp. 44–46, Dkt. No. 43. The trade-off, to balance taxpayer rights with finality in tax administration, is that this door is not open forever.

Finally, to the extent the Court's question is directed at whether petitioning the Tax Court *at all* is an excusable administrative technicality for *refund* jurisdiction over a Section 6015(f) claim, the answer is still no. The only way that a district court could even potentially obtain jurisdiction over an innocent spouse claim under Section 6015(f) is if there is a Tax Court case pending on the issue when the refund suit for the same tax year is filed. Section 6015(e)(3) is meant to protect against limited circumstances where the Tax Court and the district court would have jurisdiction over the same tax year. *See, e.g.*, *United States v. Boynton*, 2007 WL 737725, at *4 (S.D. Cal. Feb. 1, 2007). As the United States has stated in the extensive briefing in this case, there is simply no independent refund jurisdiction in the district courts for Section 6015(f), save where innocent spouse relief is *granted* by the Secretary or by the Tax Court, and the IRS fails to heed the determination.

U.S. Resp. to Court Question re: F&R Objections

Dated August 6, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Boris Bourget
BORIS BOURGET (OSB #172172)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-2182
Facsimile: (202) 307-0054
Boris.bourget@usdoj.gov

*Of Counsel:*
BILLY J. WILLIAMS
United States Attorney, District of Oregon

*Attorneys for the United States of America*