## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIMBERLY HOCKIN**, | Case No. 3:17-cv-1926-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **UNITED STATES OF AMERICA**, | |
| Defendant. | |

J. Scott Moede, Volunteer Attorney, LEWIS & CLARK LOW-INCOME TAXPAYER CLINIC, 1018 Board of Trade Building, 310 SW Fourth Avenue, Portland, OR 97204. Of Attorneys for Plaintiff.

Richard E. Zuckerman, Principal Deputy Assistant Attorney General, and Boris Bourget, Trial Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, P.O. Box 683, Washington, DC 20044, and Billy J. Williams, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Kimberly Hockin ("Plaintiff") brings this action against the United States of America ("Defendant"), seeking a refund of taxes collected by the Internal Revenue Service ("IRS") for the 2007 tax year. Defendant moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction. U.S. Magistrate Judge Jolie Russo issued findings and a recommendation that the Court grant Defendant's motion as it relates to Plaintiff's claim that it was inequitable to hold her

responsible for the unpaid tax or deficiency incurred on the joint tax returns that her ex-husband filed when they were married and as to Plaintiff's quasi-estoppel claim. For the reasons that follow, the Court adopts in part and rejects in part the Findings and Recommendation. Defendant's motion to dismiss is denied in part and granted in part.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite

their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted). Plaintiff timely filed an objection to which Defendant responded. Plaintiff objects to the portion of Magistrate Judge Russo's recommendation that the Court conclude that it lacks jurisdiction to consider Plaintiff's innocent spouse claim and Plaintiff's quasi-estoppel claim.

## BACKGROUND

In this facial challenge, the Court draws the facts from the allegations in Plaintiff's complaint. Plaintiff married Shawn Harrison ("Harrison") in 1997. While they were married, Harrison had complete control over the family finances and took responsibility for the family's taxes. Plaintiff was unaware of any potential financial problems until, at the end of 2008, several of the family's vehicles were repossessed and the bank foreclosed on the family home. Plaintiff alleges that Harrison was suffering from alcohol abuse and addiction and was physically violent with her daughters. On July 30, 2009, Plaintiff and Harrison filed for divorce. The divorce was finalized on August 5, 2009. Two days earlier, on August 3, 2009, Harrison filed a joint tax return for the 2007 tax year. On October 26, 2009, Harrison filed a joint tax return for the 2008 tax year. Plaintiff claims that she did not sign either the 2007 or 2008 tax returns. No party has located a copy of the 2007 tax return.

In 2014, the IRS told Plaintiff that she owed $10,000 for tax year 2007 and $80,000 for tax year 2008. Plaintiff filed a claim with the IRS for innocent spouse relief under 26 U.S.C. § 6015(f). The IRS denied Plaintiff's claim for innocent spouse relief for both 2007 and 2008 but granted Plaintiff other relief for the 2008 tax year because it concluded that Plaintiff did not sign

the return for tax year 2008.[1] In December 2014, the IRS issued a letter ruling informing Plaintiff of its decision to deny innocent spouse relief as to the 2007 tax year.

Plaintiff alleges that she made several payments on the 2007 tax liability, totaling more than $10,000. Plaintiff filed a claim with the IRS, seeking a refund of these payments plus interest and penalties. The IRS denied Plaintiff's claim for a refund. Plaintiff then sued in United States District Court, seeking a refund of these payments under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).

Plaintiff asserts three theories of recovery. First, she claims that she did not sign the 2007 tax return and so it is not a valid joint tax return and any tax liability collected on the 2007 tax return was erroneously or illegally collected. Magistrate Judge Russo concluded that Plaintiff had stated a valid refund claim under 28 U.S.C. § 1346(a)(1) and therefore recommended that the Court deny Defendant's motion to dismiss as to this claim. The Court adopts that portion of the Findings and Recommendation.

Second, Plaintiff claims that the doctrine of quasi-estoppel bars the IRS from collecting the tax liability for the 2007 year because it granted relief to Plaintiff for the 2008 tax year. Plaintiff failed to raise her quasi-estoppel claim before the IRS and thus Magistrate Judge Russo was correct in recommending the dismissal of that claim. The Court adopts that portion of the Findings and Recommendation.

Third, Plaintiff claims that it would be inequitable to hold her liable for the 2007 tax return because she is an innocent spouse under 26 U.S.C. § 6015(f). Magistrate Judge Russo

---

[1] Although copies of the IRS's decisions are not attached to the Complaint, the Court relies on Defendant's representations at oral argument before Judge Russo.

concluded that the Court lacked jurisdiction to consider Plaintiff's innocent spouse claim. The Court now addresses this claim.

## DISCUSSION

Under 28 U.S.C. § 1346(a)(1), the United States District Courts and the Court of Federal Claims have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." Before suing in federal court, however, a claimant must first file a claim for refund or credit with the Secretary of the Treasury. 26 U.S.C. § 7422(a).

A taxpayer in the United States who believes that she is wrongly being asked to pay a tax by the IRS has two options. Both options begin with filing a request for relief with the IRS. If the request for relief is denied, the taxpayer can either petition the United States Tax Court for review or the taxpayer can pay the tax and seek a refund in a federal district court or the Court of Federal Claims. If a taxpayer wants to sue the United States in a federal district court, however, she must first pay the tax owed *before* she sues. *Flora v. United States*, 362 U.S. 145, 163 (1960).

A taxpayer seeking innocent spouse relief faces the same situation. As the Ninth Circuit has explained:

> In implementing the innocent spouse tax relief enacted by Congress, the Department of the Treasury promulgated a regulation establishing the factors to be utilized in analyzing requests for equitable relief. . . . If a claim meets basic eligibility requirements, the file is transferred to an examiner to further review the claim and decide whether relief should be granted. When a decision is made, the taxpayer is informed and given thirty days to appeal to the IRS's Office of Appeals. After the administrative appeal is decided, the IRS sends a final

PAGE 6 – OPINION AND ORDER

> determination letter. The taxpayer then has the right to appeal the
> IRS decision to federal court. The taxpayer has the option of either
> petitioning the U.S. Tax Court for review, or paying the deficiency
> and filing a refund claim in federal district court or the Court of
> Federal Claims.

*Wilson v. Comm'r or Internal Revenue*, 705 F.3d 980, 984–85 (9th Cir. 2013); *see also Matuszak*

*v. Comm'r of Internal Revenue*, 862 F.3d 192, 198 n.5 (3rd Cir. 2017) (suggesting that plaintiffs

who do not appeal to Tax Court may pay the tax and seek a refund in federal district court);

*Flores v. United States*, 51 Fed. Cl. 49, 51 n.1 (2001) (same).

The innocent spouse statute gives claimants 90 days from the IRS's denial of innocent

spouse relief to file an appeal with U.S. Tax Court. 26 U.S.C. § 6015(e). Plaintiff never sought

review of the IRS's determination in the Tax Court. Instead, she paid the outstanding amount and

filed a suit for refund in U.S. District Court. Several circuit courts, in well-reasoned and

persuasive opinions, have held that the 90-day period for seeking review in Tax Court is

jurisdictional for that court. *See Nauflett v. Comm'r of Internal Revenue*, 892 F.3d 649, 654 (4th

Cir. 2018); *Matuszak*, 862 F.3d at 198; *Rubel v. Comm'r of Internal Revenue*, 856 F.3d 301, 305

(3d Cir. 2017). Thus, Plaintiff has lost her opportunity to seek juridical review in that particular

forum.

Congress recognized, however, that there were drawbacks to allowing the Tax Court to

hear a claim for innocent spouse relief under 26 U.S.C. § 6015(e) yet also allowing district courts

to hear ordinary refund claims for the same tax years. To avoid having two forums hear disputes

involving the same tax year, and thus avoid conflicting or contradictory resolutions, the innocent

spouse statute also provides:

> If a suit for refund is begun by either individual filing the joint
> return pursuant to section 6532--
>
>      (A) the Tax Court shall lose jurisdiction of the individual's
> action under this section to whatever extent jurisdiction is acquired

by the district court or the United States Court of Federal Claims
over the taxable years that are the subject of the suit for refund, and

(B) the court acquiring jurisdiction shall have jurisdiction
over the petition filed under this subsection.

26 U.S.C. § 6015(e)(3). Several courts have construed this section of the innocent spouse statute

to mean that "the Tax Court cedes jurisdiction over a claim for innocent spouse relief to a district

court that acquires jurisdiction over a refund suit with respect to the same tax years." *Andrews v.*

*United States*, 69 F. Supp. 2d 972, 978 (N.D. Ohio 1999); *Smith v. United States*, 101 Fed.

Cl. 474, 480 (2011) ("If a taxpayer elects to limit his liability by raising an innocent spouse

defense in Tax Court, but subsequently files a refund claim in this Court or a district court,

§ 6015(e)(3) operates to transfer the innocent spouse claim from the Tax Court to the other court

so the two can be adjudicated together."). Thus, Congress specifically created circumstances

waiving sovereign immunity and allowing a district court to hear a claim for innocent spouse

relief. By giving district courts the authority to hear innocent spouse claims alongside refund

claims, Congress recognized that district courts and the Court of Federal Claims are each

competent to evaluate claims for equitable relief. Although Plaintiff did not seek review the

IRS's decision in Tax Court, had she done so and then later paid the tax and filed her refund suit

in this Court (as she did), the statute would then require that Plaintiff's innocent spouse claim be

transferred to this Court to be decided along with her refund claim.

Nothing in the innocent spouse statute, or elsewhere in the Tax Code, suggests that a

claimant seeking innocent spouse relief cannot opt to "pay first [and] litigate later" in district

court. *Flora v. United States*, 357 U.S. 63, 72–73 (1958), *on reh'g*, 362 U.S. 145 (1960). The

provision of the innocent spouse statute that describes the procedures for petitioning for review

in the Tax Court makes clear that review in the Tax Court is not the exclusive remedy but instead

is "[i]n addition to any other remedy provided by law." Further, 28 U.S.C. § 1346(a)(1) and 26

PAGE 8 – OPINION AND ORDER

U.S.C. § 7422(a) expressly waive sovereign immunity to give taxpayers a remedy in the form of judicial review in district court, provided only that the taxpayer first pay the tax and file a claim with the IRS.

Although there is no binding precedent in this circuit on the issue, dicta from the Ninth Circuit case in *Wilson* is persuasive and consistent with a reading of the innocent spouse statute that places it squarely within the traditional operation of taxpayer lawsuits. *Wilson*, 705 F.3d at 984-85; *see also Matuszak*, 862 F.3d at 198 n.5; *Flores v. United States*, 51 Fed. Cl. 49, 51 n.1 (2001). The Court agrees with the reasoning of the attorneys from the United States Department of Justice in previous cases in which the Department argued that federal district courts and the Court of Federal Claims would each have jurisdiction to review an equitable claim for innocent spouse relief as long as the claimant complied with all of the "jurisdictional prerequisites unique to tax refund suits," "*i.e.*, she timely filed a claim for refund of taxes . . . and thereafter timely filed this refund suit based on that claim." Supplemental Brief of the United States at 3, *Flores v. United States*, 51 Fed. Cl. 49 (2001) (No. 97-cv-00046); *see also* Brief for Respondent-Appellee at 47, *Matuszak v. Comm'r of Internal Revenue*, 862 F.3d 192 (3d. Cir. 2017) (No. 16-3034), 2017 WL 361696 ("A taxpayer who missed the 90-day filing window may nevertheless pay any assessment made by the IRS, file a timely administrative claim for refund, and then file a refund suit in either a federal district court or the Court of Federal Claims six months later.").

Defendant argues that district courts lack jurisdiction to hear a "standalone" innocent spouse claim. ECF 55 at 2. This case, however, does not involve a standalone innocent spouse claim but instead involves a jurisdictionally valid refund claim brought alongside a claim for innocent spouse relief. Defendant does not dispute that this Court has jurisdiction to hear Plaintiff's refund claim under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a). Instead,

Defendant argues that the waiver of sovereign immunity contained in those statutes does not extend to Plaintiff's claim for innocent spouse relief because innocent spouse relief does not require an allegation that the tax was assessed or collected in an erroneous or unlawful way. The IRS may grant innocent spouse relief even when the amount of tax assessed or collected was precisely the correct amount that the married couple owed given their financial circumstances. But 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a) do not waive sovereign immunity and provide a cause of action solely for claims that a tax was erroneously or illegally assessed. They also apply to claims that the tax was "in any manner wrongfully corrected." A claim that "it is inequitable to hold the individual liable" falls within the scope of an allegation that a tax was "*in any manner* wrongfully collected," giving "wrongfully" its plain meaning, which would include unfairly or unjustly. *See* Wrongful, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/wrongful (last visited August 14, 2019) (definition: wrong, unjust).

Defendant also relies on several cases in which courts have held that an aggrieved taxpayer may not make a claim for innocent spouse relief in federal district court in the first instance as a *defense* to a collection suit brought by the government. None of the cases on which Defendant relies, however, involve an innocent spouse claim properly filed first with the IRS and later brought alongside a jurisdictionally valid refund claim. Unlike in the cases on which Defendant relies, Plaintiff here filed a claim with the IRS, and then after the IRS denied relief, elected to pay the tax and timely file a refund suit in federal court, alleging a refund claim along with an innocent spouse claim.[2]

---

[2] Defendant also relies on a case involving a plaintiff who filed a claim with the IRS, then paid the tax and sued in federal district court. *Chandler v. United States*, 338 F. Supp. 3d 592 (N.D. Tex. 2018). The court there dismissed the plaintiff's claim for want of jurisdiction, but notably the plaintiff did not respond to the motion to dismiss, so that district court was deprived of the benefit of reasoned argument on the issue from both parties. *Id.* at 597.

The pending case highlights the logic of allowing district courts to hear a taxpayer's innocent spouse claim alongside a refund claim involving the same tax year. Plaintiff's refund claim is based on the argument that she never signed the 2007 tax return, but a valid signature on the 2007 tax return is a necessary element to her innocent spouse claim. If Plaintiff wins on her refund claim, then she must lose on her innocent spouse claim. Were this dispute adjudicated in two different forums, the result could be contradictory rulings: one court finding that Plaintiff signed the 2007 tax return and the other court finding that she did not. Keeping both of Plaintiff's claims in one forum serves the interests of justice and judicial economy by avoiding the risk of contradictory findings.

## CONCLUSION

The Court adopts in part and rejects in part the Findings and Recommendation. ECF 46. Defendant's Motion to Dismiss (ECF 15) is granted as to Plaintiff's quasi-estoppel claim but denied as to Plaintiff's refund claim and Plaintiff's innocent spouse claim.

**IT IS SO ORDERED**.

DATED this 15th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge